# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| RUSSELL PEDEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16-_____ |
| vs. | ) | Case No. 01-03028-01-CR-S-DW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Movant Russell Peden, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On May 6, 2002, this Court sentenced Mr. Peden to 262 months imprisonment. The sentence was at the bottom of the guideline range, which was calculated using the career offender guideline: USSG § 4B1.1. Under the Supreme Court's recent decision in *Johnson v. United* States, 135 S.Ct. 2551 (June 26, 2015), Mr. Peden does not qualify as a career offender and his sentence violates due process of law.

Mr. Peden respectfully requests that this Court grant this motion, vacate his current sentence, and re-sentence him without the enhanced base offense level.

## STATEMENT OF FACTS

On November 30, 2001, Mr. Peden entered a guilty plea to Count I of the Indictment charging possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C.§§ 841(a)(1) and (b)(1)(A). On May 6, 2002 the district court sentenced Mr. Peden to a sentence of 262 months imprisonment. The district court found Mr. Peden to be a career offender after adopting the finding of the presentence report that he had at least two prior convictions that qualified as either "crimes of violence" or "controlled substance offenses"

necessary to support the career offender enhancement. Specifically, the court found that Mr. Peden had California convictions for possession of codeine for sale and for burglary that both qualified as a "crime of violence" under the career offender provision.

On May 6, 2002, this Court adopted the findings in the presentence report that the convictions in PSR ¶ 41 and ¶ 46 should be counted as crimes of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2); and therefore, the defendant should be a career offender pursuant to 4B1.1. Based on this ruling, the Court found the guideline calculations to be 262 to 327 months, which corresponded to a total offense level of 34 and a criminal history category of VI. (PSR at paragraph 87), The court sentenced Mr. Peden to 262 months imprisonment. Absent the application of the career offender guideline, Peden's sentencing guideline range for count one would have been 188-235 (PSR at paragraph 27, total offense level 31 and criminal history category VI).

A defendant who is convicted of a felony that is either a crime of violence or a controlled substance offense is subject to punishment under the career offender provision of the guidelines if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

Mr. Peden now seeks to challenge his designation as a career offender based on the Supreme Court's holding in *Johnson* that the residual clause is unconstitutionally vague. After *Johnson*, his previously counted predicate offense of California burglary fails to qualify as a

2

Case 6:16-cv-03231-BP   Document 1   Filed 06/13/16   Page 2 of 13

"crime of violence" under any portion of the career offender definition:[1]

- The conviction fails to qualify under the force clause as it does not have, as an element, the use, threatened use, or attempted use of force against the person of another;
- The conviction does not qualify as an enumerated offense; and
- The conviction does not qualify under the residual clause because that clause is void for vagueness.

Mr. Peden's prior conviction for California burglary, PSR ¶ 46, does not qualify as a predicate offense pursuant to U.S.S.G. §§ 4B1.1(a) and 4B1.2.

Therefore, in light of *Johnson*, Mr. Peden does not have two (2) qualifying prior convictions for a "crime of violence", and is not subject to an enhanced sentence under the career offender provision, U.S.S.G. § 4B1.2.

## ARGUMENT

**I.  BASIS FOR § 2255 RELIEF**

**A.  *Johnson v. United States***

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S.Ct. 2551. In that case, the Court overruled *Sykes v. United States*, 131 S.Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause. In *Johnson*, 135 S.Ct. 2251, the Supreme Court

---

[1]  Under the career offender provision, a prior offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

  (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

  (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

3

held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2257. Finding the residual clause "vague in all its applications[,]," the Court overruled its contrary decisions in *Sykes* and *James*. *Id.* at 2562-63.

In light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), Mr. Peden does not have two prior convictions for crimes of violence which survive without the residual clause.

**B. Mr. Peden does not qualify as a career offender, and his current sentence violates due process of law.**

Mr. Peden is not subject to the career offender guideline, because he does not have two prior convictions that qualify as predicate offenses under USSG § 4B1.2(a). His prior California conviction for burglary (PSR ¶ 46) is no longer a crime of violence because the residual clause of USSG § 4B1.2 is constitutionally invalid.

Mr. Peden's prior conviction for burglary from the state of California does not qualify as a crime of violence. As the Supreme Court noted in *Descamps v. United States*, 133 S.Ct. 2276 (2013), California burglary is categorically not a violent felony, as the statute is more broad than generic burglary. California defines burglary as the entry into a location with the intent to commit a crime. California does not require the *unlawful* entry, and therefore is not "generic burglary." The Supreme Court noted that because California burglary is missing an essential element of "generic burglary," it can *never* be an enumerated burglary offense. The modified categorical approach, which would allow the sentencing court to examine reliable court documents, is not triggered. The *Descamps* decision post-dates Mr. Peden's original sentencing hearing and was not

4

a retroactive decision. However, this Court must now consider the fact that the California burglary conviction could only have been a crime of violence by application of the residual clause: it is not an enumerated offense because it is more broad than generic burglary, and it does meet the criteria of the force clause. Mr. Peden did not lodge an objection to his California burglary conviction being considered a violent felony because, at the time of his original sentencing hearing, it would have qualified as a violent felony under the residual clause, and because at the time of his sentencing hearing the Supreme Court had not imposed the limitations of the modified categorical approach that were later imposed in *Descamps*. In light of *Johnson* and the elimination of the residual clause, Mr. Peden must be afforded the opportunity to challenge the finding that the California burglary conviction is a crime of violence.

Because § 4B1.2(a)'s residual clause and the ACCA's residual clause are identically worded and identically interpreted, *Johnson*'s declaration that the ACCA's residual clause is void for vagueness applies equally to § 4B1.2(a)'s residual clause. Indeed, the Court in *Johnson* relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "mak[e] sense of the residual clause." *See* 135 S.Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)). And the Court has vacated and remanded fourteen lower court decisions in which defendants had been sentenced under § 4B1.2(a)'s

5

Case 6:16-cv-03231-BP   Document 1   Filed 06/13/16   Page 5 of 13

residual clause, including five cases on collateral review, in light of *Johnson*.²

The Sixth Circuit has squarely ruled that career offenders are "entitled to the same relief as offenders sentenced under the residual clause of the ACCA" because the residual clauses are "identically worded" and "interpreted . . . identically," and "[f]ollowing *Johnson*," the Supreme Court vacated the sentences of offenders who were sentenced under the guideline's residual clause, including "a Sixth Circuit order, which denied habeas relief based on a predicate offense qualifying under the residual clause of the career offender enhancement." *United States v. Harbin*, 610 F. App'x 562, 563 (6th Cir. July 6, 2015) (unpub.); *see also United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. July 6, 2015) (unpub.) (career offender "deserve[d] the same relief as Johnson: the vacating of his sentence" because the residual clauses "were identically worded" and "interpreted," and "after *Johnson*, the Supreme Court vacated the sentences of offenders who were sentenced under the Guidelines' residual clause"). The Sixth Circuit has since recognized that after *Johnson*, an offense qualifies as a "crime of violence" only if it satisfies § 4B1.2(a)(2)'s elements clause or enumerated offense clause. *See United States v. Collins*, 799 F.3d 554, 596-97 (6th Cir. 2015).

---

²The GVRs include twelve career offender cases, *see Caldwell v. United States*, No. 15-5984, -- S.Ct. --, 2015 WL 5276637 (Nov. 2, 2015); *Banks v. United States*, No. 15-5722, --S.Ct. --, 2015 WL 4987655 (Oct. 19, 2015); *McCarthren v. United States*, No. 15-5654, -- S.Ct. --, 2015 WL 4916396 (Oct. 13, 2015); *Gonzales v. United States*, No. 14-9996, --S.Ct. --, 2015 WL 2473125 (Oct. 5, 2015); *Vinales v. United States*, 135 S.Ct. 2928 (2015); *Jones v. United States*, No. 15-5667, -- S.Ct.-- , 2015 WL 4916474 (Oct. 13, 2015) (28 U.S.C. § 2255 motion); *Denson v. United States*, 135 S.Ct. 2931 (2015) (28 U.S.C. § 2255 motion); *Beckles v. United States*, 135 S.Ct. 2928 (2015) (28 U.S.C. § 2255 motion); *Maldonado v. United States*, 135 S.Ct. 2929 (2015); *Smith v. United States*, 135 S.Ct. 2930 (2015); *Wynn v. United States*, 135 S.Ct. 2945 (2015) (28 U.S.C. § 2255 motion); *Jones v. United States*, 135 S.Ct. 2944 (2015) (28 U.S.C. § 2255 motion); one § 2K2.1 case, *Talmore v. United States*, 135 S.Ct. 2937 (2015), and one § 7B1.1 case, *Cooper v. United States*, 135 S.Ct. 2938 (2015).

The Tenth Circuit, too, has expressly held that "the residual clause of the Guidelines is [] unconstitutionally vague" for the same reasons the residual clause of the ACCA is unconstitutionally vague. *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). "Given our reliance on the ACCA for guidance in interpreting § 4B1.2," the court added, "it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA." *Id.*

The Second Circuit has granted a government motion for resentencing in a guidelines case in light of *Johnson*. *See* Order, *United States v. Herring*, No. 14-3194 (2d Cir. Sept. 9, 2015).

The Seventh and Ninth Circuits have signaled agreement. *United States v. Ramirez*, -- F.3d -- , 2015 WL 5011965, at *9 (7th Cir. Aug. 25, 2015) ("[T]he Supreme Court held that the identically worded residual clause of the Armed Career Criminal Act is unconstitutionally vague," and "[w]e have interpreted both residual clauses identically,. . . and so we proceed on the assumption that the Supreme Court's reasoning applies to section 4B1.2 as well," but "neither side has briefed" the point, "and it may warrant attention on remand"); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015) (vacating appellant's sentence and remanding for resentencing "[i]n light of the government's concession . . . that *Johnson* . . . applies to the U.S. Sentencing Guidelines"). *But see United States v. Matchett*, - - F.3d --, 2015 WL 5515439, at *8 (11th Cir. Sept. 21, 2015) (directing district courts to continue to apply the residual clause and to rely on decisions overruled by the Supreme Court in *Johnson* when calculating the advisory guideline range).

In *United States v. Rollins,* No. 13-1731, (7th Cir. September 1, 2015), the panel recognized that the Supreme Court had held ACCA's residual clause to be "so hopelessly vague that an increased sentence under the clause violates the [defendant]'s right to due process," and

7

that the career offender guideline's residual clause is "materially identical." *Id*. at 13. However, because the parties had agreed that *Johnson* "does not affect this case," the court "[left] for another day" whether its decision in *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012) should be reconsidered.[3] The panel noted, "however, that the U.S. Sentencing Commission has begun the process of amending the career-offender guideline to delete the residual clause, bringing the Guidelines into alignment with *Johnson.*" *Id*. The government has since conceded that *Johnson*'s constitutional holding applies to the guidelines, and that the Seventh Circuit should overrule *Tichenor*. *See* Br. of Plaintiff-Appellee at 7-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

In *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015), a panel of the eighth Circuit recognized that the "reasoning" in the Eighth Circuit's decision in *United States v. Wivell*, 893 F.2d 156 (8th Cir. 1990)—which said the guidelines were not subject to vagueness challenges and was the forerunner of the Seventh Circuit's decision in *Tichenor*—"is doubtful after *Johnson*." *Taylor*, 2015 WL 5918562 at *1. As a result, *Wivell* did not foreclose Taylor's challenge to the residual clause of the career offender guideline. *Id.*

*Wivell* is no longer good law. The Eighth Circuit's decision in *Wivell* rests on two pillars of flawed reasoning.

First, the court in *Wivell* mistakenly believed that the vagueness doctrine was limited to liability, not sentencing, and it therefore did not apply to the Guidelines. *See Wivell* at 159-60. Even if prior Supreme Court decisions could be interpreted as limiting vagueness to liability, *Johnson* makes clear that such an interpretation is no longer supportable, for *Johnson*'s holding

---

[3] After the opinion of the panel was issued on September 1, 2015 Rollins moved for rehearing, in part because the parties agree that *Tichenor* is no longer valid. Panel rehearing has been granted, and the panel opinion was vacated. Oral argument was December 2, 2015.

depended on its recognition that vagueness "principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." 135 S.Ct. at 2557 (citing *United States v. Batchelder*, 442 U.S. 114, 123 (1979)); *see United States v. Matchett*, Gvt. Supp. Ltr. Br. At 2-3 ("[T]he position of the United States is that [*Wivell* and like cases] should no longer be relied upon because they predated the decision in *Johnson*."); *Madrid*, Gvt. Supp. Br., 2015 WL 4985890 at *10 ("*Johnson* rejected that approach").

Second, the court in *Wivell* reasoned that, because "there is no constitutional right to sentencing guidelines" at all, "the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." 893 F.2d at 160. That reasoning is fundamentally flawed. Even if the Guidelines are not constitutionally required, that does not afford them constitutional immunity once they are put into place.[4] Indeed, *Wivell*'s reasoning would permit the Commission to promulgate Guidelines that discriminated on the basis of a protected class, penalized the exercise of constitutional rights, or bore no rational relationship to the goals of sentencing. That cannot be the law. *Cf. Chapman v. United States*, 500 U.S. 453, 465 (1991) (punishment "based on an arbitrary distinction" may violate due process).

---

[4] *See, e.g., Newsome v. Jury Comm'n of Greene Cnty.,* 396 U.S. 320, 330 (1970) ("Once the State chooses to provide grand and petit juries, whether or not constitutionally required to do so, it must hew to federal constitutional criteria in ensuring that the selection of membership is free of racial bias.") (footnote omitted); *Gay Lesbian Bisexual Alliance v. Pryor*, 110 F.3d 1543, 1548 (11th Cir. 1997) ("Although the government is not required to create such forums, once it does so the Constitution constrains its power to regulate speech within the forum."); *Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir. 1980) ("The Constitution does not require the states to afford a right to appellate review of a criminal conviction. Nevertheless, when a state provides a right to appeal, it must meet the requirements of due process and equal protection.") (citations omitted); *Boykins v. Fairfield, Ala. Bd. Of Educ.,* 399 F.2d 11, 13 (5th Cir. 1968( ("Even if the school board were under no obligation to provide public education to children of military personnel on the air base, it could not provide that education subject to an unconstitutional condition.") (quotation omitted).

The Sentencing Commission also recognizes that *Johnson* has rendered § 4B1.2(a)(2)'s residual clause void.[5] Because "the statutory language the Court found unconstitutionally vague" in *Johnson* is "identical" to the career offender guideline's residual clause, the Commission proposes to "delete the residual clause" in order "to make the guideline consistent with *Johnson*."[6]

Because the residual clause is invalid, and because California burglary is neither an enumerated offense nor a force clause offense, it cannot be a crime of violence. Thus, Mr. Peden does not have two prior convictions upon which the court could rely to apply the career offender sentencing enhancement, and his sentence violates due process of law.

**II.  Mr. Peden is entitled to relief under 28 U.S.C. § 2255 because his constitutional claim under *Johnson* is cognizable, the rule announced in *Johnson* is retroactive, and his claim is timely.**

**A.  Mr. Peden's claim is cognizable under § 2255(a).**

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Peden's 262 month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the

---

[5] As the Commission previously explained, the definition of "crime of violence" in the guideline was "derived from 18 U.S.C. § 924(e)," USSG, App. C, USSG, App. C, Amend. 268 (1989), was in "respon[se] to Congress's enactment of the Armed Career Criminal Act," and was "based on the definition of the term 'violent felony' in the ACCA." U.S. Sent'g Comm'n, *Report on the Continuing Impact of* United States v. Booker *on Federal Sentencing*, Pt. C (Career Offenders), at 4 (2012).

[6] U.S. Sent'g Comm'n, *Amendment to the Sentencing Guidelines (Preliminary)* http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160108_RF.pdf

10

residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in USSG § 4B1.2(a), which was used to determine Mr. Newsome's base offense level. Thus, Mr. Peden's claim for relief is cognizable under the plain language of § 2255(a).

This is all that is required. Because Mr. Peden's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("[U]nless the claim alleges a lack of jurisdiction or constitutional error, . . . an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a defendant's claim that he was misclassified as a career offender "is generally not cognizable" under *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc), "[u]nlike *Spencer*, *Johnson* involved a claim of constitutional error"); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir.2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted).

### B. The rule announced in *Johnson* applies retroactively on collateral review.

The Supreme Court held in *Welch v. United States*, -- S.Ct. --, 2016 WL 1551144 (April 18, 2016) that *Johnson* announced a "substantive rule that has retroactive effect in cases on collateral review." *Welch*, slip op. at 15. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," *id.* at 10, which "depends on whether the new rule *itself* has a procedural function or a substantive function - - that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id.* at 11 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* at 9 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable fact finding procedures could not legitimate" a sentence based on that clause. It follows that *Johnson* is a substantive decision.

*Id.* at 9 (internal citation omitted). "By the same logic," *Johnson* is not a procedural decision because "it had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act," but instead "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.* The Court in *Welch* did not limit its holding to ACCA cases. The district court can, and should, determine that *Johnson* is retroactively applicable to guidelines cases on collateral review.

*Johnson* therefore applies retroactively to this case.

## C. This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Peden filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

## CONCLUSION

Mr. Peden is entitled to relief under § 2255 because, in light of *Johnson*, his sentence violates due process of law. This Court should vacate his erroneous sentence and re-sentence him without the enhancement of the career offender guideline.

Respectfully submitted,

/s/ Laine Cardarella
Laine Cardarella
Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, Missouri 64106
(816) 471-8282

## CERTIFICATE OF SERVICE

It is CERTIFIED that the foregoing was electronically filed on this 13th day of June, 2016, and that a copy was e-mailed to all parties pursuant to the ECF system.

/s/ Laine Cardarella
Laine Cardarella